WILLIAM A. GUNNING *vs.* SIGMUND ROSEN.

JANUARY 13, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is an action of the case in assumpsit to recover the value of certain professional services which the plaintiff alleges he performed as an attorney at law at the request of and for the benefit of the defendant.

The case was tried before a justice of the Superior Court, sitting with a jury, and resulted in a verdict for the plaintiff for $425. The defendant duly filed a motion for new trial which was denied by the justice. The case is before us on the defendant's exception to the decision of the justice denying the motion for new trial and upon certain exceptions of the defendant to rulings of the justice made in the course of the trial.

The defendant excepted to portions of the charge to the jury which were contrary to the defendant's claim that in

no case should the plaintiff be permitted to recover more than $225 for the reason that the plaintiff before commencing suit had repeatedly rendered a bill to the defendant claiming a balance of $225. This the plaintiff admitted in his testimony at the trial. It was also not contradicted by the defendant that he did not assent to the account as thus rendered and that he did not comply with the demands for payment which accompanied it, but entirely disregarded the plaintiff's claim. In these circumstances the rendition of the plaintiff's claim to which the defendant did not assent does not amount to an account stated and the plaintiff's recovery will not be restricted thereby. The plaintiff was permitted to offer proof as to the value of his services in excess of the account rendered, and the jury were instructed to determine that issue from the circumstances of the case, and from all the proof offered. The jury were also properly instructed that in passing upon the question of the value of the plaintiff's services they should give great weight to the fact that the plaintiff had rendered a bill for $225 as evidence of the plaintiff's own estimate as to the real value of such services. The defendant's exceptions relating to these instructions are without merit.

The evidence discloses that the plaintiff acted as counsel for the defendant in two actions at law pending against the defendant in the Superior Court; that said actions were upon the jury trial calendar of that court for trial upon Monday, February 19, 1924, and that on Sunday, February 18, 1924, the defendant by his agent engaged the plaintiff to enter his appearance for the defence at the trial which was to commence on the following day. In pursuance of that engagement on Sunday the plaintiff on the same day made some preparation for the trial, and upon the four secular days following the plaintiff acted at the trial as the principal counsel for the defendant. The verdict being adverse to the defendant, the plaintiff took part in the preparation of and in the hearing of a motion for new trial, which was afterward granted. The evidence discloses with-

out question that the defendant accepted this performance by the plaintiff of the engagement made on Sunday, and at the close of the jury trial paid the plaintiff $75 on account. In the case at bar the justice instructed the jury as to the nature of our statute prohibiting the work of one's ordinary calling on Sunday, as to the effect of that statute upon contracts made on Sunday in disregard of such prohibition, and as to the nature of the statutory exception permitting works of necessity. The justice then submitted to the jury the question of whether the imminent peril to the defendant's interests connected with the trial which was to take place on the following day brought the engagement of the plaintiff, whom the evidence showed to be an expert upon the issues of law involved in the case, within the scope of the exception. To these instructions the defendant excepted. The instructions to the jury now under consideration were fully as favorable to the defendant as the evidence in the case warranted. The case comes within, and is governed by, the decisions of this court to the effect that contracts made on Sunday with reference to the work of one's ordinary calling are distinguished from other illegal contracts, being illegal only as to time, not tainted with any general corruption, and that they may be ratified afterwards upon a secular day. *Sayles* v. *Wellman*, 10 R. I. 465, affirmed in *Flynn* v. *Columbus Club*, 21 R. I. 534. The performance by the plaintiff, the acceptance of the plaintiff's services by the defendant, and the part payment by the defendant to the plaintiff upon secular days following amounted to a ratification of the engagement made on Sunday. The defendant's exception to these instructions should be overruled.

The defendant takes nothing by his exceptions to the rulings of the justice upon the admission of evidence, and to the refusal of the justice to direct a verdict for the defendant.

We shall not disturb the decision of the justice approving the verdict of the jury rendered upon the conflicting evidence in the case.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment upon the verdict.

*George F. Troy*, for plaintiff.

*Frank H. Bellin*, for defendant.